EL PUEBLO, DEMANDANTE Y APELADO, *v.* RODRÍGUEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por portar armas prohibidas.

No. 2155.—Resuelto en febrero 5, 1924.

ARMAS PROHIBIDAS—JURISDICCIÓN DEL JUEZ MUNICIPAL—DENUNCIA SUFICIENTE.— Tiene jurisdicción el juez municipal y no el juez de paz para conocer de una denuncia por portar armas prohibidas en la cual se alegó que la pistola objeto del delito le fué ocupada al acusado en momentos en que salía del salón de sesiones de la Asamblea Municipal de Guánica.

ID.—PRUEBA SUFICIENTE.—Apareciendo de la prueba que pocos momentos después de terminar la asamblea municipal su sesión de ese día, el apelante salió del salón de sesiones con una pistola en la mano, que fué ocupada después de

tirarla en uno de los pasillos del edificio, y aunque no se probó que entró con ella en dicho sitio sin embargo el hecho de tenerla sobre su persona cuando se le quiso ocupar demuestra por sí mismo que entró con ella a la sesión, ya que no hay prueba de que la hubiera tomado allí de algún sitio, es necesario concluir que la evidencia justificó la sentencia condenatoria.

Id.—Quiénes y Cuándo Pueden Usarlas.—La sección 2 de la ley sobre armas prohibidas no exime de responsabilidad al presidente de una asamblea municipal que portaba un arma prohibida con fines de ofensa o defensa en momentos en que salía del salón de sesiones de la asamblea.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Martínez Nadal, Tormes y Colón.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El apelante fué denunciado en la Corte Municipal de Yauco por un delito de portar armas prohibidas. La Corte de Distrito de Ponce en grado de apelación y celebrando el juicio de nuevo lo condenó a pagar una multa de cinco dólares contra cuyo fallo interpuso este recurso de apelación alegando que la corte de distrito cometió error al desestimar su excepción previa fundada en que la Corte Municipal de Yauco carecía de jurisdicción para conocer de la denuncia hecha contra él, por corresponder su conocimiento al juez de paz de Guánica, y que también cometió error al apreciar la prueba.

La denuncia imputa al apelante que ''con los fines de ofensa y defensa portaba sobre su persona una pistola marca Mausser, calibre 32 y cargada con 9 balas la cual le fué ocupada en momentos en que salía del salón de sesiones de la Asamblea Municipal de Guánica, P. R., donde ejerce el acusado el cargo de presidente de dicha Asamblea.''

Según la ley de 1905 enmendada en 1908 prohibiendo portar armas, corresponde a los jueces municipales el conocimiento de dicho delito, entre otros casos, si cualquier individuo entrare en cualquier sitio donde haya gente reunida

para pasar revista o ejecutar cualquier otro deber público; o en cualquier otra reunión pública, y llevare encima o en su persona cualesquiera de las armas o instrumentos enumerados en el artículo primero de la ley, entre los que se halla la pistola.

La denuncia pudo ser más claramente hecha, pero de todos modos al decirse que la pistola fué ocupada al apelante en momentos en que salía del salón de sesiones de la Asamblea Municipal de Guánica puede entenderse alegado que salía de una sesión de la asamblea municipal, que es una reunión de los asambleístas para ejecutar un deber público pues en sus salones se reúnen las asambleas municipales. Además, hay que tener en cuenta que la denuncia está formulada por un policía y no por un fiscal.

En cuanto a la prueba entendemos que la corte inferior tampoco cometió el error que se le ha imputado pues de ella resulta que pocos momentos después de terminar la asamblea municipal su sesión de ese día, el apelante salió del salón de sesiones con una pistola en la mano, que fué ocupada después de tirarla en uno de los pasillos del edificio, y aunque no se probó que entró con ella en dicho sitio sin embargo el hecho de tenerla sobre su persona cuando se le quiso ocupar, demuestra por sí mismo que entró con ella a la sesión, ya que no hay prueba de que la hubiera tomado allí de algún sitio.

Tampoco tiene mérito la alegación de que el apelante está excluído de responsabilidad por ese hecho porque estaba en una propiedad privada en relación a la condición de Presidente de la Asamblea Municipal de Guánica, pues si bien el artículo 2 de la ley exime de responsabilidad por tener armas prohibidas a los administradores, arrendatarios, mayordomos o celadores de una finca cuando estuviesen en ella, así como dentro de sus casas particulares o edificios que custodiasen o guardasen, el Presidente de una

Asamblea Municipal no tiene esas funciones y por tanto no está comprendido en la exclusión de la ley.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.